UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| KIRK DAVIS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-38 |
| § | |
| WILLIAM STEPHENS, *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff filed this lawsuit on February 5, 2014, alleging unconstitutional conditions of confinement at the Garza East Unit in Beeville, Texas (D.E. 1). Service of process was ordered on May 13, 2014 (D.E. 15). Pending is Plaintiff's motion for appointment of counsel (D.E. 16).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus

requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. This case is not complex. According to plaintiff, the conditions of confinement at the Garza East Unit in Beeville violated the Eighth Amendment's ban on cruel and unusual punishment (D.E. 1). Plaintiff claims that he was exposed to rodent, roach, and flea infestations, unsafe conditions, that he suffered heatstroke during a lockdown, and that the facility lacked handicap accessories such as shower stalls and rails. He also complains about the medical care he received while there (D.E. 1). Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings and his testimony at the evidentiary hearing demonstrate he is reasonably articulate and intelligent. Plaintiff appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature because the case has not yet been set for trial.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a

prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 16) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 22nd day of May, 2014.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE