UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KIRK DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-38 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, a TDCJ-CID inmate presently confined at the Diboll Unit in Diboll, Texas, filed this lawsuit on February 5, 2014, complaining about the conditions of confinement and medical care he received while confined at the Garza East Unit in Beeville, Texas (D.E. 1, 11, 12, 13). Service of process was ordered on May 13, 2014 (D.E. 15). Plaintiff has filed a letter motion (D.E. 22). Though it is difficult to understand his pleading, he appears to be requesting injunctive relief in the form of an order to TDCJ officials not to transfer him from the Diboll Unit to another TDCJ unit.

### Standard

In order to obtain a preliminary injunction under Fed. R. Civ. P. 65(a), the applicant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Sepulvado v. Jindal,* 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted), *cert.*

*denied,* 134 S.Ct. 1789 (2014). Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance. *Texans for Free Enterprise v. Texas Ethics Comm'n*, 732 F.3d 535, 536-37 (5th Cir. 2013). Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted).

## Discussion

Assuming, without deciding, that Plaintiff could demonstrate a likelihood of success on the merits, he cannot demonstrate irreparable harm. Irreparable harm is harm for which there is no remedy at law, such as monetary compensation. *Deerfield Medical Center v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981). Plaintiff has cited to no authority holding that a transfer to another unit amounts to irreparable harm. If Plaintiff is transferred, he should notify the court of his new mailing address. If the transfer causes a delay in preparation of pleadings for a deadline, Plaintiff can request an extension of time to meet the deadline.

Moreover, Plaintiff's allegations of potential harm that might result from a transfer are speculative only, and do not amount to constitutional violations. Plaintiff states he fears a transfer – he has not been told he will be transferred. In the absence of a constitutional violation, federal courts are reluctant to interfere in the internal affairs of local jails or state prisons. *See Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir. 1988) (federal courts defer to prison administrators concerning day-to-day operations). Interference with inmate unit assignments would not be in the public's interest and it would be a waste

of judicial resources to micro-manage the prison unit assignments. Plaintiff has not demonstrated he is entitled to a preliminary injunction.

Plaintiff has failed to carry his burden on the four factors, and his request for a preliminary injunction and/or temporary restraining order (D.E. 22) is denied.

ORDERED this 20th day of June, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE