UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

KIRK DAVIS, §
§
        Plaintiff, §
VS. §        CIVIL ACTION NO. 2:14-CV-38
§
WILLIAM STEPHENS, *et al*, §
§
        Defendants. §

## AMENDED[1] MEMORANDUM AND RECOMMENDATION ON MOTIONS TO DISMISS AND TO STRIKE

Plaintiff Kirk Davis is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently incarcerated at the Segovia Unit in Edinburg, Texas, although his complaint concerns the conditions of his confinement while he was housed at the Garza East Transfer Facility from January 2011, through January 2013.  (See D.E. 1, p. 6).  Plaintiff also complains that he was denied proper medical treatment during this time by health care providers with the University of Texas Medical Branch, Correction Managed Care (UTMB-CMC).  UTMB-CMC is the state agency that contracts with the TDCJ to provide medical services to offenders.  *Id.* at p. 3.

Pending are the following motions:

(1)     Partial Motion to Dismiss Pursuant to Rule 12(b)(6), Fed. R. Civ. P., filed by Defendants Maximiliano Huerra, Avrian Mendez, and Owen Murray (the "UTMB-CMC Defendants") (D.E. 24);

---

[1] The Memorandum and Recommendation is amended to incorporate Defendant's Joint Motion to Strike (D.E. 53).

(2)      Motion to Dismiss as moot and for failure to state a claim filed by Defendants Brad Livingston, Roger Pawelek, and Ronald Givens (the "TDCJ Defendants") (D.E. 26); and

(3)      Defendants' joint motion to strike amended complaint (D.E. 53).

For the reasons stated herein, it is respectfully recommended that the Court deny UTMB-CMC Defendants' Partial Motion to Dismiss (D.E. 24), but grant the TDCJ Defendants' Motion to Dismiss (D.E. 26) and dismiss Plaintiff's claims against Brad Livingston, Roger Pawelek, and Ronald Givens.  It is respectfully recommended further that the Court dismiss Plaintiff's claims for monetary damages against all Defendants in their official capacities as barred by the Eleventh Amendment.    Finally, it is recommended that Defendants' joint motion to strike Plaintiff's amended complaint (D.E. 53) be granted.

## I.      JURISDICTION.

The Court has federal question jurisdiction.  28 U.S.C. § 1331.

## II.     PROCEDURAL BACKGROUND.

On February 5, 2014, Plaintiff filed his original complaint and alleged claims of unconstitutional conditions of confinement and deliberate indifference to his serious medical needs against the following Defendants: (1) Brad Livingston; (2) Owen Murray; (3) Physician's Assistant (PA) Avrian Mendez; and (4) Dr. Maximiliano Herrera.

On March 26, 2014, a *Spears*[2] hearing was conducted, following which Plaintiff was granted leave to supplement his complaint to add as additional Defendants Garza East Unit Wardens Roger Pawelek and Ronald Givens. (*See* D.E. 11, 13).

On March 13, 2014, service was ordered on the TDCJ Defendants and the UTMB-CMC Defendants through service on the Attorney General. (D.E. 15).

On June 27, 2014, the UTMB-CMC Defendants filed the instant Partial Motion to Dismiss on the grounds that Plaintiff's claims against them were barred by the applicable 2-year statute of limitations. (D.E. 24)

On July 7, 2014, the TDCJ Defendants filed their Motion to Dismiss on the grounds of limitations, no physical injury, mootness, and Eleventh Amendment immunity. (D.E. 26).

On July 11, 2014, Plaintiff filed a motion to vacate the UTMB-CMC Defendants' Motion to Dismiss. (D.E. 28). This pleading was struck. (*See* D.E. 32).

On July 18, 2014, Plaintiff filed a motion to vacate the TDCJ Defendants' Motion to Dismiss. (D.E. 30).

On July 23, 2014, the TDCJ Defendants filed a "Notice of Potential Related Actions" (D.E. 34), relating that Plaintiff is currently involved in three other civil rights actions, including one Multidistrict Litigation (MDL) in which a certified class of prisoner-plaintiffs, (or their assigns), are seeking damages for heat-related deaths and/or

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

serious injury while in TDCJ custody.[3]   *See In re Texas Prison Heat Litigation,* MDL Case No. 2569, before the United States Judicial Panel on Multidistrict Litigation.  (*See also* D.E. 34, 35, 36).

On August 7, 2014, Plaintiff filed a Notice of Change of Address stating that, effective July 30, 2014, he was now housed at the Segovia Unit in Edinberg, Texas. (D.E. 38).  In this Notice, Plaintiff confirmed that he is involved in the prison heat MDL and related also that he was having difficulty at the Segovia Unit such that he intended to file a § 1983 lawsuit to raise new claims against the Warden, Major, and Captain at that facility.  *Id.* at 1.  Plaintiff also filed a motion for a temporary restraining order (TRO) (D.E. 40) against the Segovia Unit personnel, but this request was denied without prejudice for lack of jurisdiction over the Segovia Unit individuals.  (*See* D.E. 44).

By Order entered October 29, 2014, Plaintiff was given until November 14, 2014, to file a response to the pending Motions to Dismiss.  (D.E. 48).

On November 10, 2014, Plaintiff requested an extension of time to file his responses to the Rule 12(b)(6) motions (D.E. 49), and the response deadline was extended until December 15, 2014.  (D.E. 50).  To date, Plaintiff has failed to file a response in opposition to either motion to dismiss.[4]

On November 17, 2014, without leave of court, Plaintiff filed an Amended Complaint against the named TDCJ-CID Defendants Brad Livingston, and Ronald Given,

---

[3] To the extent Plaintiff has raised claims timely in the MDL, it is respectfully recommended that this recommendation have no force or effect in that proceeding.

[4] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

and UTMB-CMC Defendants Dr. Herrera, PA Mendez, and Owen Murray. (D.E. 52). In addition, Plaintiff added as defendants Ernest Gutierrez, senior warden of the Garza East Unit, and Rudy Martisek, the Medical Administrator at the Garza East Unit. (D.E. 52).

On November 25, 2014, the TDCJ-CID Defendants and the UTMB-CMC Defendants filed a joint motion to strike Plaintiff's Amended Complaint. (D.E. 53).

## III.  PLAINTIFF'S ALLEGATIONS.

The following allegations were made in Plaintiff's original complaint (D.E. 1), supplements (D.E. 11, 13), or at the *Spears* hearing:

In 1991, Plaintiff had back surgery and certain vertebrae were fused together. He was classified as 100% disabled and began receiving disability checks in 1992.

On January 10, 2011, Plaintiff was convicted of injury to a child and delivery of a controlled substance. On January 15, 2011, Plaintiff arrived at the Garza East Unit where he was housed in E dorm. Plaintiff was medically classified as "chronic care" due to his continued back pain with related limited range of motion.

The conditions at the Garza East Unit were in violation of the Eighth Amendment. Plaintiff was exposed and subjected to: (1) broken sewage and water pipes; (2) rodent, roach, and flea infestation; (3) feral cats, rattlesnakes, and skunks; (4) fire hazards with no sprinkler system; and (5) "rust poisoning." In addition, the Garza East Unit had no accommodations for Plaintiff's disability. There were no hand rails in the toilet or shower areas, and shower shoes were not provided to the indigent inmates.

On September 13, 2011, Plaintiff suffered heatstroke while the unit was on lockdown. Plaintiff passed out and hit his head. He was taken to the Emergency Room

at the Beeville Hospital where he received x-rays and eight (8) staples to close the wound.  He also injured his neck, and he has continued to have severe neck pain over the last three years.  Plaintiff was denied physical therapy, only receiving one session-hour per month.  Plaintiff repeatedly requested to be transferred to a medical unit, but his requests were denied.  He requested his medical records in an attempt to find a free world physician to treat him, but he was denied his records.  He was only treated by PAs and not licensed doctors.  He was forced to be evaluated via tele-med, and his heart and lungs were not checked at those times.  He was denied MRIs and CAT-scans.  He was given only non-narcotic pain medication that provided only minimal relief.  On one occasion, PA Mendez refused to fill a pain medication prescription in retaliation for Plaintiff filing complaints about the medical staff.

## IV.    MOTIONS TO DISMISS

Plaintiff is suing all Defendants in their official and individual capacities for monetary damages.  (*See* D.E. 1, p. 4).  He also seeks injunctive relief to have federal and state law enforced.  *Id.*

Under Rule 12(b)(1), a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.  *Home Builders Ass'n of Miss. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998).  Courts may dismiss for lack of subject matter jurisdiction based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint, supplemented by undisputed facts, plus the court's resolution of disputed facts.  *Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir. 1986).  When subject matter

jurisdiction is challenged, the plaintiff has the burden of demonstrating that subject matter jurisdiction exists. *Huff v. Neal,* 555 Fed. Appx. 289, 296 (5th Cir. Jan. 27, 2014), citing *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. 1981).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted; however, the district court must construe the complaint in a light most favorable to the plaintiff, and the allegations contained therein must be taken as true. *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face*."  Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In the context of a defendant's motion to dismiss, the district court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims.  *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## A.      Eleventh Amendment bars claims against all Defendants in their official capacities.

Plaintiff has sued Defendants in their official and individual capacities.

The State of Texas has sovereign immunity and, under the Eleventh Amendment, suits in federal court by citizens of a state against a state or a state agency or department are prohibited.  *See College Sav. Bank v. Florida. Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 669-70 (1999); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S.

89, 98-100 (1982).   States and their agencies may be sued only when there is unequivocally expressed consent, or where Congress has validly abrogated the state's sovereign immunity by unequivocal expression of intent.  *Pennhurst,* 465 U.S. at 99-100. *See also Edelman v. Jordan,* 415 U.S. 651, 673 (1974); *Quern v. Jordan*, 440 U.S. 332, 342 (1979).  The Eleventh Amendment jurisdictional bar applies regardless of the nature of the relief sought.  *Pennhurst,* 465 U.S. at 100-01.

Texas has not consented to suit against itself or its agencies in federal court, nor has Congress abrogated Texas' sovereign immunity in regards to Plaintiff's § 1983 claims raised herein.  *See Sossamon v. Texas,* ___ U.S. ___, 131 S. Ct. 1651, 1657-58 (2011).  On the face of Plaintiff's original and supplemented complaints, it is apparent that Plaintiff's claims against the UTMB-CMC Defendants and the TDCJ Defendants in their official capacities for monetary damages are wholly barred by the Eleventh Amendment.  Thus, to the extent Plaintiff is suing any named Defendant in his official capacity for money damages, those claims are barred by the Eleventh Amendment and it is respectfully recommended that those claims be dismissed with prejudice as barred.

### B.   Statute of Limitations.

Plaintiff complains of the conditions of confinement at the Garza East Unit from January 2011, through January 2013, and he complains that he was denied proper medical treatment for his neck following his fall on September 13, 2011.

Federal civil rights actions instituted in Texas, such as those brought pursuant to 42 U.S.C. § 1983, are deemed analogous to personal injury claims, and, therefore, the applicable limitations period is the two years fixed by Tex. Civ. Prac. & Rem. Code

§ 16.003(a).  Accrual of a § 1983 claim is governed by federal law.  A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir.1998).  The district court may raise the raise the defense of limitations *sua sponte*, and dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Plaintiff complains of unconstitutional conditions in general from January 2011 through January 2013, and of a specific heat-related fall on September 13, 2011.  He filed his original complaint on February 5, 2014.  (D.E. 1, p. 1).  Defendants argue that Plaintiff's claims arising prior to two years before the filing date are barred by limitations, that is, any claim arising before February 5, 2012, including the September 13, 2011 heat-related fall.  However, Defendants' analysis fails to consider that the statute of limitations is tolled while a prisoner exhausts his administrative remedies.  *Wright v. Hollingsworth,* 260 F.3d 357, 359 (5th Cir. 2001).

The TDCJ employs a two-step grievance process which takes approximately ninety (90) days to exhaust.  *See Wendell v. Asher,* 162 F.3d 887, 891 (5th Cir. 1998).  A Step 1 grievance is due within ten days after the incident complained-of, *id.*; however, if the prison administration accepts an untimely grievance, they cannot later argue it is barred by limitations.  *See Gates v. Cook,* 376 F.3d 323, 331 & n. 6 (5th Cir. 2004) (holding that prison officials could not argue that a prisoner's grievance failed to comply with procedural rules when the officials had looked past the purported technical defect and rejected the grievance for substantive reasons).  Here, Plaintiff filed a Step 1

grievance on October 30, 2012, well past the 10-day deadline, complaining that he was injured in a heat-related slip and fall that occurred on September 13, 2011.  (D.E. 13, pp. 2-3).  The grievance was not rejected as untimely by prison administrators, and it was answered on December 3, 2012. [5]  *Id.* at 3.  Plaintiff filed a Step 2 appeal on December 10, 2012.  (D.E. 13, pp. 4-5).  On February 25, 2013, his Step 2 grievance was denied. The grievance process thus took 118 days.  Adding this additional time, Plaintiff's claims are timely and not barred by limitations.  Thus, it is respectfully recommended that the UTMB-CMC Defendants' motion for partial summary judgment to dismiss Plaintiff's claims as time barred (D.E. 24) be denied.

### C.      Failure to exhaust as to TDCJ Defendants.

In his Step 1 and Step 2 grievances, Plaintiff fails to allege conditions of confinement claims against the TDCJ Defendants Livingston, Pawelek, or Givens. Plaintiff claims that he suffered a heat-related injury, but then complains about the medical attention he received following his fall.  Even the most liberal reading of the grievance does not serve to place Livingston, Pawelek, or Givens on notice of Plaintiff's Eighth Amendment claims that are raised in this lawsuit concerning excessive heat, roach and rodent infestation, broken sewage pipes, fire hazards, and rust poisoning.

---

[5] Plaintiff testified that he did not learn the cause of his September 13, 2011 fall until he was seen by Dr. Montgomery on the Diboll Unit in January 2013; however, in his October 30, 2012 grievance he states that PA Mendez waited a "whole year" before advising him that his September 13, 2011 fall was heat-related.  (D.E. 13, p. 2).  Regardless, Defendants did not challenge the timeliness of his grievance and processed it at both Step 1 and Step 2, effectively waiving any limitations argument.

To establish liability under the Eighth Amendment for violations of conditions of confinement, two requirements must be met.  First, the alleged deprivation must objectively be "sufficiently serious," which means that "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  *Farmer v. Brennan,* 511 U.S. 825, 847 (1994).  To rise to the level of a constitutional violation, the conditions must be "'so serious as to deprive [plaintiff] of the minimal measures of life's necessities,' in this case the basic human need for sanitary conditions."  *Alexander v. Tippah County, Miss.,* 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Woods v. Edwards,* 51 F.3d 577, 581 (5th Cir. 1995)).

Second, the inmate must show that a prison official was deliberately indifferent to inmate health or safety.  *Farmer,* 511 U.S. at 847.  A prison official cannot be held liable "unless the official *knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts* from which the inference could be drawn that a substantial risk of serious harm exists, and *he must also draw the inference." Id.* at 837 (emphasis added).   "Deliberate indifference" is a stringent standard of fault, requiring proof that a state actor disregarded a known or obvious consequence of his action…. The "deliberate indifference" standard permits courts to separate omissions that "amount to an intentional choice from those that are merely "unintentionally negligent oversight[s]." *Southard v. Texas Bd. of Crim. Justice,*  114 F.3d 539, 551 (5th Cir. 1997) (citing *Board of County Comm'rs v. Brown*, 520 U.S. 387, 410 (1997) (other citations omitted) (emphasis added).  "Subjective recklessness" as used in criminal law, is the appropriate

test for deliberate indifference.  *Norton v. Dimazana,* 122 F.3d 286, 291 (5th Cir. 1997) (citing *Farmer,* 511 U.S. at 838-40).

Plaintiff never filed a grievance complaining that Brad Livingston, Roger Pawelek, or Ronald Givens were ignoring unconstitutional conditions of confinement at the Garza East Unit.  Moreover, Plaintiff has failed to allege that he suffered any lasting physical injury from the alleged unconstitutional conditions.  Pursuant to 42 U.S.C. § 1997e(e), a prisoner is prohibited from recovering compensatory damages in any federal civil action absent a showing of physical injury.  *See e.g. Hutchins v. McDaniels,* 512 F.3d 193, 196 (5th Cir. 2007).  Save and except the September 13, 2011 heat-related fall, Plaintiff testified that he did not suffer any physical injury from either rodent or roach infestation, backed up sewage, fire hazards, rust poisoning, or lack of shower shoes.  To the extent Plaintiff was seeking injunctive relief to correct these conditions of his confinement, his claims are now moot because he has been transferred off of the Garza East Transfer facility.  *See Hermann v. Holiday,* 238 F.3d 660, 665 (5th Cir. 2001) (holding that an inmate's transfer to another facility "rendered his claims for declaratory and injunctive relief moot" and that "any suggestion of relief based on the possibility of transfer back … [was] too speculative to warrant relief").

## V.    AMENDED COMPLAINT.

In his proposed Amended Complaint, Plaintiff appears to have abandoned his claim against Warden Pawelek, but added as an additional defendant the Garza East Unit Warden, Ernest Gutierrez, and a medical practice manager, Rudy Martisek.  (D.E. 52). Defendants have moved to strike Plaintiff's Amended Complaint (D.E. 53).

A party may amend his pleading once as a matter of course within 21 days after serving the original complaint.  Fed. R. Civ. P. 15(a)(1)(A).  Plaintiff is outside the 21 days after serving his original complaint, and therefore, he can amend his complaint only with the Defendants' written consent or the Court's permission.  Plaintiff did not seek leave of court to amend his complaint, and leave would not be warranted because his claims against Ernest Gutierrez and Rudy Martisek are without merit.  Like the other TDCJ-CID Defendants, Plaintiff failed to file a grievance directed to Warden Guttierrez raising his conditions of confinement claims.  As to Rudy Martisek, Plaintiff's only allegation against this individual is that he denied Plaintiff's Step 1 grievance.  This does not state a constitutional violation.  *See Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005).

## VI.   RECOMMENDATION.

For the reasons stated above, it is respectfully recommended that the Court:

(1)     Dismiss with prejudice Plaintiff's claims for money damages against all Defendants in their official capacities as barred by the Eleventh Amendment;

(2)     Deny the UTMB-CMC Defendants' Partial Motion to Dismiss (D.E. 24);

(3)     Grant the TDCJ Defendants' Motion to Dismiss (D.E. 26) and dismiss with prejudice from this lawsuit Brad Livingston, Roger Pawelek and Ronald Givens; and

(4)     Grant Defendants' Joint Motion To Strike Plaintiff's Amended Complaint
(D.E. 53) and strike Plaintiff's Amended Complaint (D.E. 52).

Respectfully submitted this 26th day of January, 2015.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to
each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of
the Memorandum and Recommendation, a party may file with the Clerk and serve on the
United States Magistrate Judge and all parties, written objections, pursuant to Fed. R.
Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and General Order No. 2002-13, United States
District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions,
and recommendation in a magistrate judge's report and recommendation within
FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon
grounds of plain error, from attacking on appeal the unobjected-to proposed factual
findings and legal conclusions accepted by the district court.  Douglass v. United Servs.
Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).