UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KIRK DAVIS, | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-38 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
|     Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court are the following motions pertaining to Plaintiff Kirk Davis's civil rights action:

    (1)    Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. Rule 12(b)(6) filed by Defendants Maximiliano Huerra, Avrian Mendez, and Owen Murray (collectively, "UTMB-CMC Defendants") (D.E. 24);

    (2)    Motion to dismiss for failure to state a claim filed by Defendants Brad Livingston, Roger Pawelek, and Ronald Givens (collectively, "TDCJ Defendants") (D.E. 26); and

    (3)    Defendants' joint motion to strike amended complaint (D.E. 53).

On January 26, 2015, United States Magistrate Judge B. Janice Ellington issued her Amended Memorandum and Recommendation (M&R) (D.E. 58), recommending that the Court: (1) deny UTMB-CMC Defendants' partial motion to dismiss which is based on the statute of limitations; (2) grant the TDCJ Defendants' motion to dismiss, and dismiss with prejudice Plaintiff's claims against Livingston, Pawelek, and Givens; (3)

dismiss with prejudice Plaintiff's claims for monetary damages against all Defendants in their official capacities; and (4) grant Defendants' joint motion to strike Plaintiff's amended complaint. D.E. 58, p. 2. This Court received Plaintiff's timely-filed objections on March 12, 2015.[1] D.E. 60, 65. The objections are set out and discussed below.

Regarding the TDCJ Defendants, Plaintiff "concedes to dismiss" Defendant Pawelek. D.E. 65, p. 4. However, he objects to the Magistrate Judge's recommendation to dismiss Defendants Livingston and Givens. The Magistrate Judge recommended dismissal of the TDCJ Defendants because Plaintiff had failed to exhaust the administrative remedies as to these Defendants. D.E. 58, p. 10. Plaintiff argues that Livingston's dismissal is improper because Livingston knew of his claims through prior litigation and through letters that Plaintiff sent to the Texas Commission on Jail Standards, the Texas Board of Nursing, the Patient Liaison Program, and the Texas Medical Board. D.E. 65, pp. 2-3. Plaintiff claims that three of the letters were referred to the TDCJ and that the reply to one of the letters was on TDCJ and Livingston's letterhead. *Id.* Plaintiff argues that Givens should not be dismissed because Warden Ernest Gutierrez (Warden Gutierrez) informed Givens about Plaintiff's claims. *Id.* at 5.

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." Proper exhaustion requires that the prisoner pursue all available avenues of relief and that he comply with all administrative deadlines and procedural rules.

---

[1] The Court will treat Plaintiff's filing titled "Motion to Vacate" (D.E. 65) as his objections to the amended M&R. *See* D.E. 67.

*Woodford v. Ngo*, 548 U.S. 81, 89-93 (2006). Here, Plaintiff did not exhaust the administrative remedies against Livingston or Givens because, as the Magistrate Judge stated, "[e]ven the most liberal reading of [Plaintiff's] grievance does not serve to place Livingston, Pawelek, or Givens on notice of Plaintiff's Eighth Amendment claims that are raised in this lawsuit . . . ." D.E. 58, p. 10.

The letters referenced by Plaintiff were communications outside the TDCJ's two-step grievance process, and thus do not meet the exhaustion requirement. *See Bisby v. Garza*, 343 F. App'x 969, 972 (5th Cir. 2009) (holding that I-60 Offender Request to Official forms directed at defendant complaining about the conditions made the basis of plaintiff's action did not exhaust administrative remedies because "I-60s are not a part of the two-step TDCJ formal grievance procedure [plaintiff] is required to exhaust"). The procedure for exhaustion of administrative remedies serves not only to give notice of a complaint, but also to give TDCJ an opportunity to take corrective action. *Woodford*, 548 U.S. at 89 (holding that one of the purposes of the exhaustion requirement is to give "an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court") (internal quotation marks and citation omitted). Plaintiff failed to exhaust the administrative remedies as to Livingston and Givens so his first objection is **OVERRULED**.

Second, Plaintiff objects to the Magistrate Judge's conclusion that all monetary claims against Defendants in their official capacities should be dismissed. Plaintiff argues that the Eleventh Amendment should only apply to judges, legislators, or "anyone

else acting 'as an integral part of the judicial or legislative process.'" D.E. 65, pp. 6, 18-19.

It is well settled that when a plaintiff files suit against state officials in their official capacities, the lawsuit is effectively one against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The State of Texas has sovereign immunity and, under the Eleventh Amendment, suits in federal courts by citizens of a state against a state or state agency are prohibited. *See College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-70 (1999); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98-100 (1982). Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff objects to the Magistrate Judge's recommendation to grant Defendants' joint motion to strike Plaintiff's amended complaint. Plaintiff, without leave of court, filed an amended complaint that joins Warden Gutierrez and Rudy Martisek (Martisek), a medical practice manager, as defendants. D.E. 52, pp. 4, 8. Plaintiff claims that he was unaware that he was required to seek leave to amend, and requests that the court be lenient with him. D.E. 65, pp. 13-14, 20.

The Magistrate Judge concluded that leave to add Warden Gutierrez and Martisek as defendants should not be granted because Plaintiff's claims were without merit. D.E. 58, p. 13. As to Warden Gutierrez, the Magistrate Judge stated that Plaintiff failed to file a grievance directed to Warden Gutierrez raising his conditions of confinement claims, and thus failed to exhaust his administrative remedies. D.E. 58, p. 13. "[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievance." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Johnson v. Johnson*, 385

F.3d 503, 517 (5th Cir. 2009) ("[A] grievance in which an inmate says that his cell is habitually infested with vermin . . . could adequately alert administrators to the problem whether or not the grievance names anyone."). The Fifth Circuit has noted that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Johnson*, 385 F.3d at 517.

Plaintiff's allegations against Warden Gutierrez include "cruel and unusual conditions such as infestation of rats, mice, roaches, snakes, bugs of unknown origin, skunks, flea infested cats, and also safety hazards like broken toilets, broken water pipes, and . . . ineffective fire suppression systems." D.E. 52, p. 4. However, Plaintiff failed to discuss these claims in his grievance. *See* D.E. 13, pp. 2-5. Thus, he failed to exhaust his administrative remedies in relation to these claims.

Plaintiff also alleges that Warden Gutierrez has "responsibility to assure that inmates were receiving adequate medical care and a fileing [sic] system that was acceptable to assure that inmates would receive adequate care . . . ." D.E. 52, p. 4. Plaintiff's grievance did not mention an inadequate filing system. It did mention that he was being denied adequate care for his disabilities and injuries, but this claim related to the medical attention he received following his fall, and it was directed at the medical providers. D.E. 13, p. 2. This Court concludes that Plaintiff's grievance did not give Warden Gutierrez "fair notice" of the problems that now form the basis of his claims in the amended complaint. *See Johnson*, 385 F.3d at 516. Thus, Plaintiff failed to exhaust his administrative remedies.

The Magistrate Judge stated that Plaintiff's only allegation against Martisek was that he denied Plaintiff's Step 1 grievance. D.E. 58, p. 13. However, Plaintiff's claims are that Martisek withdrew commissary funds for chronic care issues which forced Plaintiff to go without hygiene products, and that Martisek retaliated against him by withholding I-60 correspondence from him. D.E. 52, p. 8. Plaintiff's grievance did not address these claims so he has failed to exhaust his administrative remedies as to Martisek. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (holding that the court did not err in dismissing plaintiff's retaliation claim based on a failure to exhaust administrative remedies).

The Court agrees with the Magistrate Judge and finds that Plaintiff's claims against Warden Gutierrez and Martisek are without merit. As a result, Plaintiff's third objection is **OVERRULED**.

Plaintiff appears to object to the Magistrate Judge's recommendation to deny the UTMB-CMC Defendants' partial motion to dismiss. D.E. 65, p. 6-8, D.E. 58, p. 13. However, the recommendation favors Plaintiff, so Plaintiff's fourth objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which objections were specifically directed, this Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 58), as supplemented herein. Accordingly,

UTMB-CMC Defendants' partial motion to dismiss (D.E. 24) is **DENIED**, TDCJ Defendants' motion to dismiss (D.E. 26) is **GRANTED** and Plaintiff's claims against Livingston, Pawelek, and Givens are **DISMISSED** with prejudice, Plaintiff's claims for monetary damages against all Defendants in their official capacities are **DISMISSED** with prejudice, and Defendants' joint motion to strike Plaintiff's amended complaint (D.E. 53) is **GRANTED** without prejudice.

ORDERED this 26th day of March, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE