UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KIRK DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-38 |
| | § | |
| OWEN J. MURRAY,[1] *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated TDCJ-CID's Segovia Unit in Edinburg. Plaintiff's claims against medical personnel while incarcerated at the Garza Unit in Beeville, Texas, for Eighth Amendment violations are the only claims that have survived motions to dismiss (*See* D.E. 69). Pending is Plaintiff's motion for appointment of counsel (D.E. 70).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir.

---

[1] When this case was opened, the lead Defendant was listed as Owem Murphy. The Clerk inadvertently listed William Stephens as the lead Defendant. At the suggestion of the Fifth Circuit Court of Appeals, the Clerk corrected the docket to list Owem Murphy as the lead Defendant. But pleadings from the Defendants' counsel reflect that Defendant Murphy's correct name is "Owen J. Murray." Accordingly, the Clerk shall substitute Owen J. Murray as the lead Defendant, and strike and terminate "Owem Murphy" from the docket.

1982).  Further, Bounds did not create a "free-standing right to a law library or legal assistance."  Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996).  It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment.  28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel.  Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  Id.  Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  Plaintiff's pleadings demonstrate that he is reasonably intelligent, articulate, and able to describe the facts underlying his claims.  He appears, at this stage of the case, to be in a position to adequately investigate and present his case.  Plaintiff states he is indigent and has difficulties with the law library but up to this point, Plaintiff has been able to obtain legal materials from the law library, cite cases in his briefs, make discovery requests, and he can also request the assistance of other inmates.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  Examination of this factor is premature.  This case has not been set for trial, and as yet a deadline for filing dispositive motions has not been set.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel.  In addition, there is no indication that appointed counsel would aid in the

efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 70) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 8th day of April, 2015.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE