Case 2:14-cv-00038   Document 117   Filed in TXSD on 01/22/16   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
January 22, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| KIRK DAVIS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-38 |
| § | |
| OWEN J MURRAY, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendants' Motion for Summary Judgment and Plaintiff's response. D.E. 95, 103. On September 14, 2015, United States Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (M&R) (D.E. 107), recommending that Defendants' Motion for Summary Judgment be granted and Plaintiff's claims be dismissed with prejudice. Plaintiff filed his Objections (D.E. 112) on September 28, 2015. Plaintiff's objections are set out and discussed below.

Plaintiff's first objection is that the Magistrate Judge should have considered a less dramatic result than dismissal. D.E. 112, p. 1. Consideration of lesser alternatives is appropriate when determining such things as sanctions for failure to comply with court orders or the Federal Rules of Civil Procedure. *See, e.g., Hornbuckle v. Arco Oil & Gas Co.,* 732 F.2d 1233 (5th Cir. 1984). In contrast here, Defendants have raised qualified immunity, which is a complete defense to Plaintiff's claims. *E.g., Durbin v. Doe,* 72 F. App'x. 49 (5th Cir. 2003). The concept of a lesser alternative does not apply to a qualified immunity analysis. Plaintiff's first objection is **OVERRULED.**

Second, Plaintiff objects to the dismissal of his Eighth Amendment claim regarding excessive heat because, he claims, the Magistrate Judge did not look at "some of the evidence Plaintiff has submitted." D.E. 112, p. 9. Specifically, Plaintiff asserts the judge ignored the grievances he filed with the TDCJ, and seems to imply she would have come to a different conclusion had she included them. The Court has reviewed the evidence, including Plaintiff's grievances. The Court concludes that the Magistrate Judge did not err, particularly given that Plaintiff did not complain of any heat-related illness on the date of his injury (instead complaining of a slip and fall on water in the bathroom) and only redirected his complaints to heat issues a year later. *See* D.E. 107, pp. 15-16, 22. Plaintiff's second objection is **OVERRULED.**

Third, Plaintiff objects that x-rays taken at the Polunsky Unit were not made part of the record and that they offer proof of the injuries he sustained. D.E. 112, p. 3. The Court has determined that the x-rays that Plaintiff describes were, in fact, included in the records from the Diboll Unit that ordered that the x-rays be taken at the Polunsky Unit. D.E. 97–1, p. 249. Those records do not support Plaintiff's claim of an injury but only showed "chronic degenerative changes with possible some muscle spasm." D.E. 97–2, p. 9. Plaintiff's third objection is **OVERRULED.**

Fourth, Plaintiff argues that his complaints against PA Mendez are actionable as being based on conduct involving "independent medical judgment" in violation of internal policy, professional medical guidelines, and *Estelle v. Gamble,* 429 U.S. 97 (1979). D.E. 112, p. 2. However, the failure to follow internal policy or professional medical guidelines, without more, does not amount to a constitutional violation and is not

actionable under 42 U.S.C. § 1983. *See Myers v. Klevenhagen,* 97 F.3d 91, 95 (5th Cir. 1996). And *Estelle* did not proscribe "independent medical judgment." The test that Plaintiff must meet is "deliberate indifference," a level of misconduct that his allegations do not meet. *Estelle,* 429 U.S. at 105. Plaintiff's fourth objection is **OVERRULED.**

Fifth, Plaintiff claims the Magistrate Judge incorrectly applied absolute immunity instead of qualified immunity. D.E. 112, p. 7. He further argues that qualified immunity is "stopped" by Texas' indemnification statutes. *Id.* Plaintiff is incorrect on both accounts. The M&R is clearly based on qualified immunity. And the statutes on which Plaintiff relies, Tex. Civ. Prac. & Rem. Code Ann. §§ 104.001–104.002, address a limited to indemnification of employees of the state. They do not constitute a waiver of immunity, nor do they create a cause of action. *See Perry v. Texas A&I Univ.,* 737 S.W.2d 106, 110 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.), *cited with approval in City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994) (addressing related issue). Plaintiff's fifth objection is **OVERRULED.**

Sixth, Plaintiff makes a series of objections claiming Defendants have "an unfair advantage over the plaintiff in all ways" and that he has been denied an opportunity to develop his case due to his current incarceration and the disadvantage it has caused. D.E. 112, pp. 2, 6. Among these disadvantages, Plaintiff complains that he is without representation by outside counsel, is unable to pay for carbon paper or copies, and has not received the "pertinent discovery to prove his case." D.E. 112, p. 1. He further requests the Court grant a continuance until he is released on parole in 2016 and able to hire an attorney and obtain evidence to use at his trial. D.E. 112, p. 6.

Plaintiff filed five motions for appointment of counsel. D.E. 8, 16, 59, 70, and 93. The Magistrate Judge denied each, based upon applicable law, either because of the stage of the proceedings or because Plaintiff failed to meet the factors outlined in *Jackson v. Dallas Police Department,* 811 F.2d 209 (5th Cir. 1982). D.E. 9, 18, 60, 78, 94. Plaintiff has failed to articulate any legal basis for finding that these decisions were incorrect. Plaintiff filed four motions for copies. D.E. 19, 63, 75, 99. The Magistrate Judge granted the first motion. D.E. 20. Thereafter, she denied the motions, acknowledging that he could make his own copies at the TDCJ law library or could file legible hand-copied exhibits. D.E. 44, 67, 80, 102. Plaintiff has, again, failed to articulate any legal error in the Magistrate Judge's determinations.

As for discovery, Defendants have provided initial disclosures and Plaintiff's medical records have been filed with the Court. D.E. 35. Defendants have addressed evidence related to the issue of qualified immunity. D.E. 79. Nothing further is appropriate at this stage of the case. *See Anderson v. Creighton,* 483 U.S. 635, 646 n.6 (1987) (one of the purposes of qualified immunity is to protect public officials from the "broad-ranging discovery that can be peculiarly disruptive of effective government"). Plaintiff has not stated what additional discovery he seeks or how it relates to the issue of qualified immunity. Plaintiff's sixth objection as to procedural matters is **OVERRULED.**

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's Objections, and all other relevant documents in the record, and having made a

de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's request for a continuance is **DENIED**, Defendants' Motion for Summary Judgment (D.E. 95) is **GRANTED,** and this action is **DISMISSED WITH PREJUDICE**.

ORDERED this 22nd day of January, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE